City of Chicago, Appellee, v. Jack Kay, Appellant.

Gen. No. 38,417.

Opinion filed December 16, 1935.

Arthur F. Gruenwald, of Chicago, for appellant.

Barnet Hodes, Corporation Counsel, for appellee; Michael L. Rosinia and Mark J. McNamara, Assistant Corporation Counsel, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

Kay, who was a driver for the 6500 Cab Company, with offices in Evanston, Cook county, Illinois, was arrested in Chicago February 27, 1935, and charged with the violation of section 2078 of the Chicago Municipal Ordinance, which provides:

"No motor vehicle other than a licensed public passenger vehicle shall be operated along or upon the streets and public ways of the city for the carriage of passengers for hire indiscriminately accepting and discharging such persons as may offer themselves for transportation.

"Applications for public passenger vehicle licenses shall be made by the owner upon blanks furnished by the commissioner and such application shall contain the full name and address of the owner, the class of vehicle for which a license is desired, the length of time the vehicle has been in use, the number of persons it is capable of carrying and the horsepower thereof. No public passenger vehicle shall be licensed until it has been thoroughly and carefully inspected under the direction of the commissioner and examined and found to be in safe condition for the transportation of passengers, clean, of good appearance and well painted and varnished, and no taxicab shall be licensed until a certificate of inspection of its taximeter shall have been issued. . . ."

Defendant when arraigned waived trial by jury. There was a trial by the court with a finding of guilty and judgment that defendant pay a fine of $5. To reverse that judgment this appeal has been prosecuted.

The evidence tends to prove that Kay lived at 3110 Milwaukee avenue, Chicago, but was employed to drive a cab for Mr. Ball, owner of the 6500 Cab Company in Evanston; that February 27, 1935, defendant's cab

was parked in Howard street on the Evanston side of it, where the Evanston company had a cabstand. A prospective customer, Mrs. Epper, who lived at 1608 Sherwin avenue in Chicago, called the Evanston office of the company by telephone; she talked with Mr. Ball and gave him an order, which he accepted, to send a cab to bring her to Evanston. Defendant was instructed to fill the order. He drove his cab from Evanston to 1608 Sherwin avenue, where he took on Mrs. Epper with some baggage. She told him to drive to 142 Clyde street, Evanston. Defendant did not collect the fare, which it was his custom to collect at the end of the journey. On this occasion he was prevented from completing the journey and collecting the fare on account of his arrest by an officer of the City of Chicago.

It was stipulated that defendant driver did not have a City of Chicago chauffeur's license and that the cab carried no vehicle tag. The latter indicates that the Chicago vehicle tax was not paid. The inference, therefore, is that the owner did not take out a license from the City of Chicago. The proof shows that defendant was not the owner of the cab. There is no proof that he solicited passengers in Chicago or that he was (to use the language of the ordinance) operating "for the carriage of passengers for hire indiscriminately accepting and discharging such persons as may offer themselves for transportation."

The evidence shows that the prospective passenger called the Evanston office and requested that a cab be sent for her, and that Mr. Ball, acting for the Evanston company, told her that he would send a cab for her. So far as the contract between the passenger and the cab company is concerned, it was made in Evanston, not in Chicago. Restatement of Contracts, sec. 64; *Dunlop v. Higgins,* 1 H. L. Cas. 381; *Trevor v. Wood,* 36 N. Y. 307. The briefs discuss a number

of questions not necessary to a decision of this case. What we have already said is sufficient to show that the guilt of defendant was not proved.

The judgment is reversed.

*Reversed.*

McSurely, P. J., and O'Connor, J., concur.